UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                                        Case No. 6:15-bk-02498-KSJ
                                                              Chapter 7
WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

                        Debtors.

_____/

CARLA P. MUSSELMAN, CHAPTER 7                 Adv. Proc. No.
TRUSTEE FOR THE ESTATE OF
WADE MARTIN ROME AND
KATHLEEN MALONEY ROME and
ROBERT THOMAS, individually FREDERICK         **Emergency Relief Requested**
LAUFER, individually, and BRIAN KAUFMAN,
individually,

                        Plaintiffs,

v.

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

                        Defendants.

_____/


**PLAINTIFFS' VERIFIED EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER WITHOUT NOTICE AND FOR RELATED RELIEF**
**(Emergency Hearing of 30 minutes is Requested to Occur as Soon as Practicably
Possible and Preferably either Friday, October 30th or no later than Monday, November 2,
2015 – if the relief requested is granted Movants need to, and have already been attempting
to, coordinate the schedules of a number of third parties to coordinate the actions
requested by Tuesday, November 3, 2015, if possible)**


Plaintiffs, Carla Musselman, Chapter 7 trustee (the "Trustee") and Robert Thomas,

individually, Frederick Laufer, individually, and Brian Kaufman, individually ("Apex

Creditors") (collectively "Movants"), request a temporary restraining order, without notice, and

related relief pursuant to Bankruptcy Rule of Civil Procedure 7065(b) and applicable law and state in support as follows:

## <u>Summary of Relief Requested and Basis for Relief</u>

1.      This verified Motion (the "Motion") seeks a temporary restraining order in conjunction with the complaint (the "Complaint") filed in the above-referenced case (this "Adversary Proceeding") and the "Conditional Order for Relief from Stay entered by the Court in the Bankruptcy Case on October 21, 2015 (the "Stay Order")[Doc. No. 86].

2.      The Complaint and supporting Affidavits and Declaration, demonstrate a verified deliberate, unified, and concerted effort between the Debtors, their eldest son Chase ("Debtors' Son"), and the Debtor Husband's parents, Vernon and Rikki Rome (jointly, the "Debtor Parents") to frustrate, hinder, and prejudice the administration of the estate by the Trustee for the benefit of their creditors, including but not limited to:

    A.      Failing to account for large sums of cash and gold and silver bullion and coins obtained by the Debtors' pre-petition;

    B.      Failing to account for the transfer, liquidation or removal of personal property observed to be located at the Debtors' residence (the "Debtor Residence") or at the warehouse leased by the Debtor Husband (the "Warehouse") pre-petition or other undisclosed locations of estate property;

    C.      Failing to account for a number of motorcycles observed at the Debtor Residence pre-petition;

    D.      Removing personal property from the estate in the days and weeks leading up to the entry of the Stay Order; and most egregious of all

    E.      Repeatedly and emphatically providing perjured and false testimony to the Trustee and creditors of the estate.

3.      The Debtors' actions and inactions and omissions demonstrate and show that the Debtors came into the Bankruptcy Case with unclean hands and an intent to derive the benefits

of the Bankruptcy Code without performing their statutory obligations, in a win-win for the Debtors and a lose-lose for the estate and their creditors.

4.      Failure to locate and liquidate estate assets will cause irreparable harm that cannot be redressed through a money judgment, as the Debtors' creditors have learned to their sorrow over the past seven (7) years.

5.      The Affidavits of the Trustee ("Trustee Affidavit") and Sandi Trudeau, the Landlord of the Debtor Residence ("Landlord Affidavit") (jointly "Affidavits"), provide evidentiary support for the level of misconduct of the Debtors and the harm that is ongoing and accruing.

6.      The Unsworn Declaration by Terry Brown, the Debtors' neighbor ("Declaration") suggests that the Debtors have continued their pre-petition actions in the seven (7) post-petition months and are being actively aided and abetted by members of their family, including during periods of time after the Court made a specific prohibition against such conduct in the Stay Order.

7.      Given the broad range of relief provided by the Stay Order and recent events, there is every indication that any attempt by the Trustee and creditors to inspect the Debtors' personal property following the filing of an Application To Employ Appraiser and other pleadings and papers will provide a powerful signal to the Debtors that any estate assets remaining at the Debtor Residence that have not already been disclosed, located or identified by the Trustee (the "Hidden Assets") should be removed.   This is especially true considering the Affidavits support the Trustee's and creditors' claims that  cash and gold and silver bullion and coins, which are readily moved and easily hidden in areas of the Debtor Residence, might not be accessible by the Trustee or the appraiser.

8.      Further, the Debtors have two (2) large Liberty Safes, one of which the Debtors refused to open for the Trustee alleging it belonged to Chase Rome, an Odyssey and Titan, as defined in the Complaint, purses, satchels and other such items or depositories within which to secrete assets of the estate and which are inaccessible to the Trustee and creditors without a specific order of the Court

9.      Likewise, given the Court's understandable reluctance to include relief in the Stay Order that didn't fall within the ambit of the pending Objections To Exemptions and the Motion For Relief From Stay filed by the Landlord, there is every expectation that the Debtors will simply hide cash and gold and silver bullion and coins in a locked vehicle to which the Trustee and creditors do not have authority to enter without an order of the Court requiring the Debtors to provide access.

10.     In order to effectuate a temporary restraining Order the Trustee and creditors require the presence of a locksmith to open any safes that may be located at the Debtor Residence.

11.     In light of the evidence provided by the Affidavits and Declaration, the Movants have made no attempt to provide notice to the Debtors or their counsel of this Motion, the Adversary Complaint, or any other paper filed in support hereof, and believe that any such attempt would be prejudicial and eviscerate the relief that is being requested herein in a manner that cannot be redressed with monetary remedies.

12.     Although the Debtors provided a plethora of documents to the Trustee, there is a dearth of meaningful information available to the Trustee and creditors of the Debtors to identify with any specificity the true extent and scope of estate property or any pre-petition disposition of estate property due to the lengthy period of time during which the Debtors have organized their

financial affairs to be convoluted and confusing through the use of a myriad of corporate entities, numerous pre-petition bank accounts for which incomplete bank statements were provided and large dealings in fungible assets like cash and gold and silver bullion and gold.

13.     Although the protracted and lengthy meeting of creditors and 2004 examinations of the Debtors, conducted at great expense to certain creditors, have yielded a number of instances where it is apparent that the Debtors are not being forthright and truthful with the Court, the Trustee, or their creditors to an extent that is supportive of a denial of discharge,  the testimony and evidence are not nearly as fruitful in identifying estate assets, their location, or their disposition.

14.     The Movants rely upon and submit that the allegations of the Adversary Complaint as well as the Affidavits and  Declaration filed in support of the Adversary Complaint and this Motion provide a sufficient basis under the law to justify the entry of a temporary injunction without notice that enjoins the Debtors, their children, the Debtors' Parents, and anyone else who is acting as an agent, custodian, assignee, employee or otherwise in concert with the Debtors, their children,  or the Debtors' Parents from:

> A.     Failing to turn over property of the estate not listed in the Debtors' Schedules or claimed as exempt to the Trustee, including but not limited to all cash with a value in excess of $1,000 and any gold or silver coins and bullion, wherever it is located, and from whomever is in possession;
>
> B.      Refusing to identify and provide the location and pertinent information if with a third party or held in the name of a third party, with whom the Hidden Assets or the proceeds of the same are being held;  and
>
> C.     Taking any action to transfer, liquidate, encumber, or otherwise withhold from the Trustee and the estate Hidden Assets.

15.     As to this relief, the Movants ask the Court to direct the Debtors and their agents, assigns, custodians, employees or anyone acting in concert with them who receives personal

notice of the temporary restraining order, if issued, to turn over the Hidden Assets to the Trustee and/or immediately disclose its location.

16.    In addition to this relief, the Movants further request that the Court authorize a locksmith to accompany the Movants and the U. S. Marshal, if relief is granted as to the "Motion to Appoint Marshall and For Related Relief," being filed contemporaneously.

17.    Likewise, because it is unlikely that the Debtors will provide truthful, accurate, and complete testimony regarding the Hidden Assets, their location, and potential disposition, even if compelled by Court order, the Movants are requesting that they be authorized to have a data retrieval professional accompany them to the inspection of the Debtor Residence for the purpose of copying or imaging all data on the Debtors' computers and other electronic devices, including all computers and other electronic devices  located in the Debtor Residence, with  any such copying or imaging to be retained by the data retrieval service provider until such time as the Court can hold a hearing and fashion an order that protects the interests of the Debtors in any such information.  To the extent that the computers and electronic devices cannot be copied or imaged within the time available to the Movants or because equipment is required that is not portable, the Movants request that the Debtors be enjoined from dumping, wiping, corrupting, deleting, transferring, or otherwise destroying or rendering unusable any electronic data or documents on their computers and electronic devices, including cell phones, ipads, hard drives, servers, cloud storage sites, etc.  In addition, the Movants request that the Debtors be required to provide copies of bank statements from any bank account in which the Debtors have made deposits or withdrawals post-petition.

18.    As to this relief, the Movants ask that the Court order the Debtors to provide all passwords necessary to access such data, including passwords to the cloud or any similar data

6

storage location to the data retrieval service provider.  Alternatively, if the Debtors refuse to provide all such necessary passwords to the data retrieval service provider, the Movants request that the Court order the Debtors to surrender all computers and electronic devices located in the Debtor Residence to the data retrieval service provider until such time as a hearing can be held.

19.    Movants also request that the temporary restraining order compelling the Debtors to provide copies of all post-Petition bank statements for all accounts upon which the Debtors, individually or jointly, are authorized signatories and evidence of all post-Petition transactions, payments, income and expenses.

20.    Prior notice of the requested temporary restraining order should not be required because Debtors have demonstrated they will remove property of and from the bankruptcy estate without regard to the orders of this court or applicable bankruptcy laws. If the property is removed, then Plaintiffs may be unable to locate or recover the property.

### Legal Authority and Argument

21.    The Bankruptcy Court has jurisdiction to issue an injunction: *In re CF Hospitality, Inc*., 6:08-cv-01753-JA (M.D. Fla. 2008).    To obtain the injunctive relief, the Plaintiff must show: i) a substantial likelihood of success on the merits; ii) the movant will suffer irreparable injury unless an injunction issues; iii) the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and  iv) the  injunction would not adversely affect the public interest.  See *Callaway v. Block*, 763 F.2d 1283, 1287 (11th Cir. 1985)

### MERITS

22.    Trustee seeks turnover of property of the estate and is entitled to that relief pursuant to Bankruptcy Code §542 without seeking and obtaining an order. The  evidence, including admissions against interest by the Debtor Husband, provide a clear roadmap of the

Debtors' unlawful intent and deliberate  efforts to suborn and subvert the statutory requirements of the Bankruptcy Code and the fundamental underpinnings of the Bankruptcy process.

23.     The likelihood of success element "requires a clear and specific showing of likely success" on the merits. *In Re Lickman*, 286 B.R. 821 (M.D. Fla. 2002).

24.     The Debtors continued removal of personal property from the Debtor Residence even after the entry of the Stay Order by the Court and the potential loss of their discharge suggests that it is substantially likely, if not certain, that Plaintiffs will prevail on the merits of the Adversary Complaint.

<u>IRREPARABLE AND RELATIVE HARM</u>

25.     There is no harm to Debtors, particularly if the Court protects any assets or data obtained by the temporary restraining order for the benefit of the Debtors after a further hearing after notice to them.  Debtors have no legal right to possession of estate assets and Debtors will retain interests in the property, if any, pending further order of this Court. On the other hand, if there is no injunction, the property may be moved, hidden, liquidated, damaged, encumbered, or transferred and the Movants may be subsequently unable to locate or recover the property or able to locate the property only after exorbitant expense that will diminish, dilute and destroy any potential value to the estate and its creditors.

26.     *In Re Willis*, 411 B.R. 783 (S.D. Fla. 2009), involved an adversary proceeding brought by a Chapter 7 trustee against debtor, seeking a permanent injunction barring the debtor and his agents from disposing of funds and assets in debtor's individual retirement accounts (IRAs) and turnover and accounting of withdrawn non-exempt IRA funds. The Court held that a Chapter 7 trustee would be left without adequate remedy at law and would suffer irreparable injury unless the court issued a permanent injunction barring the debtor and his agents from

Case 6:15-bk-02498-KSJ    Doc 92    Filed 10/30/15    Page 9 of 17

receiving, transferring, spending, or otherwise disposing of funds or assets in his non-exempt individual retirement accounts (IRAs) pursuant to Section 105 of the Bankruptcy Code where the debtor had already dissipated non-exempt IRA funds post-petition and might continue to do so without permanent injunction and his ability to repay additional funds was speculative at best. *Willis*, at 787.

## PUBLIC INTEREST

27.     Orderly liquidation and equality of distribution are primary policies of the Bankruptcy Code and these policies will be facilitated by the temporary restraining order. As the Court opined further in *Willis*, the grant of a permanent injunction will advance the strong public policy that the Trustee administer assets of the bankruptcy estate for the benefit of creditors and interested parties. *Willis*, at 787.

WHEREFORE, the Movants request that the Court:

A.      Grant this Verified Motion for Temporary Restraining Order Without Notice And For Related Relief;

B.      Enter a Temporary Restraining Order which enjoins the Debtors, their children, the Debtors' Parents, and anyone else who is acting as an agent, custodian, assignee, employee or otherwise in concert with the Debtors, their children, or the Debtors' Parents from:

1.      Failing to turn over property of the estate not listed in the Debtors' Schedules or claimed as exempt to the Trustee, including but not limited to all cash with a value in excess of $1,000 and any gold or silver coins and bullion, wherever it is located, and from whomever is in possession;

2.       Refusing to identify and provide the location and pertinent information if with a third party or held in the name of a third party, with whom the Hidden Assets or the proceeds of the same are being held;  and

9

3.      Taking any action to transfer, liquidate, encumber, or otherwise withhold from the Trustee and the estate Hidden Assets.

C.      Direct the Debtors and their agents, assigns, custodians, employees or any one acting in concert with them who receives personal notice of the temporary restraining order, if issued, to turn over the Hidden Assets to the Trustee and/or immediately disclose its location;

D.      Authorize a locksmith to accompany the Movants and the U. S. Marshals, if relief is granted as to the "Motion to Appoint Marshall And For Related Relief," being filed contemporaneously;

E.      Authorize Movants and Trustee to have a data retrieval professional accompany them to the inspection of the Debtor Residence for the purpose of imaging all data on the Debtors' computers and other electronic devices, including all computers and other electronic devices located in the Debtor Residence, with any such imaging to be retained by the data retrieval service provider until further order of the Court;

F.      Order the Debtors to provide all passwords necessary to access such data, including passwords to the cloud or any similar data storage location to the data retrieval service provider.  Alternatively, if the Debtors refuse to provide all such necessary passwords to the data retrieval service provider, order the Debtors to surrender all computers and electronic devices located in the Debtor Residence to the data retrieval service provider until further order of the Court;

G.      Order the Debtors to provide copies of all post-Petition bank statements for all accounts upon which the Debtors, individually or jointly, are authorized signatories and evidence of all post-Petition transactions, payments, income and expenses to the Trustee and creditors within a date certain; and

H.      And for any such other and further relief as this Court deems just and appropriate.

Dated this 30th day of October, 2015.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
**Winderweedle, Haines, Ward**
**& Woodman, P.A.**
Post Office Bo 1391
Orlando, FL 32802-1391
(407) 423-4246
(407) 423-7014 (facsimile)
Attorneys for Trustee


/s/ Cheryl Thompson
**CHERYL THOMPSON, ESQUIRE**
Florida Bar Number:  0970931
cthompson@thompsonlawpractice.com
Thompson Law Practice, P.A.
301 W. Platt Street, Suite 656
Tampa, Florida 33606
Telephone:  (813) 226-8580
Facsimile:  (813) 226-8580
Attorney for the Apex Creditors

DRAFT

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                          Case No. 6:15-bk-02498-KSJ
                                                Chapter 7
WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

                    Debtors.
_____/

CARLA P. MUSSELMAN, CHAPTER 7                   Adv. Proc. No.
TRUSTEE FOR THE ESTATE OF
WADE MARTIN ROME AND
KATHLEEN MALONEY ROME and
ROBERT THOMAS, individually FREDERICK
LAUFER, individually, and BRIAN KAUFMAN,
individually,

                    Plaintiffs,

v.

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

                    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' VERIFIED MOTION FOR TEMPORARY
RESTRAINING ORDER WITHOUT NOTICE AND FOR RELATED RELIEF**

THIS CASE came on for consideration upon Plaintiffs' Verified Motion For Temporary Restraining Order Without Notice And For Related Relief ("MTRO") [Doc. No.__].  This Court having reviewed the Motion, Adversary Complaint, related Motion for Authorization for Marshals And Related Relief ("Motion For Marshals"), Supporting Affidavits and other papers filed in this case, and being otherwise fully advised in the premises, hereby **FINDS**:

1.      The Adversary Complaint, Supporting  Affidavits and Declaration demonstrate a prima facie case that the Debtors, their eldest son Chase ("Debtors' Son"), and the Debtor Husband's parents, Vernon and Rikki Rome (jointly, the "Debtor Parents") are taking actions to frustrate, hinder, and prejudice the administration of the estate by the Trustee for the benefit of their creditors.

2.      The actions of the Debtors, Debtors' Son, and the Debtor Parents include but are not limited to:

    A.      Failing to account for large sums of cash and gold and silver bullion and coins obtained by the Debtors' pre-petition;

    B.      Failing to account for the transfer, liquidation or removal of personal property observed to be located at the Debtors' residence or at the warehouse leased by the Debtor Husband (the "Warehouse") pre-petition or other undisclosed locations of estate property;

    C.      Failing to account for a number of motorcycles observed at the Debtor Residence pre-petition;

    D.      Removing personal property from the estate post-Petition; and

    E.      Providing perjured and false testimony to the Trustee and creditors of the estate.

3.      Failure to locate and liquidate estate assets will cause irreparable harm to the Movants that cannot be redressed through a money judgment.

4.      The Affidavits of the Trustee ("Trustee Affidavit") and Sandi Trudeau, the Landlord of the Debtor Residence ("Landlord Affidavit") (jointly "Affidavits"), provide evidentiary support for the level of misconduct of the Debtors, and the ongoing and accruing harm to Movants.

5.      The Unsworn Declaration by Terry Brown, the Debtors' neighbor ("Declaration") provides evidentiary support that the Debtors have continued their pre-petition actions in the seven (7) post-petition months and are being actively aided and abetted by Debtors' Son and Debtors' Parents, and possibly others.

6.      Movants will be prejudiced and irreparably harmed by Debtors' actions and have no adequate remedy at law.

7.      The information included in the Supporting Affidavits and Declaration incorporated into the Adversary Complaint, MTRO and Motion For Marshals is reliable.

8.      The allegations of the Adversary Complaint and the MTRO, together with the Supporting Affidavits and Declaration provide a sufficient basis under the law to justify the entry of a temporary injunction without notice.   The Court concludes that providing notice to the Debtors of the MTRO or this order prior to its entry

9.      Plaintiffs have demonstrated a substantial likelihood of success on the merits, as the Debtors continued removal of personal property from the Debtor Residence demonstrates that it is substantially likely that Plaintiffs will prevail on the merits of the Adversary Complaint.

10.     Plaintiffs have demonstrated they will suffer irreparable injury unless a Temporary Restraining Order issues as estate property may be moved, hidden, liquidated, damaged, encumbered, or transferred and the Movants may be subsequently unable to locate or

recover the property or be able to locate the property only after exorbitant expense that will diminish, dilute and destroy any potential value to the estate and its creditors.

11.    Debtors have no legal right to possession of estate assets and Debtors will retain interests in the property, if any, pending further order of this Court.

12.    There is no harm to Debtors and the threatened injury to the Movants outweighs any damage the injunction may cause them.

13.    The issuance of a Temporary Restraining Order will not adversely affect the public interest.

14.    In the Adversary Complaint the Trustee seeks turnover of property of the estate and is entitled to that relief pursuant to Bankruptcy Code §542 without seeking and obtaining an order of the Court.

15.    The grant of a Temporary Restraining Order will advance the strong public policy that the Trustee administer assets of the bankruptcy estate for the benefit of creditors and interested parties.

Based upon the foregoing, it is **ORDERED** as follows:

1.    Plaintiffs' Verified Motion For Temporary Restraining Order Without Notice And For Related Relief [Doc. No.___] is hereby GRANTED; and

2.    The Debtors, their children, the Debtors' Parents, and anyone else who is acting as an agent, custodian, assignee, employee or otherwise in concert with the Debtors, their children, or the Debtors' Parents are hereby enjoined from:

> A.    Failing to turn over property of the estate not listed in the Debtors' Schedules or claimed as exempt to the Trustee, including but not limited to all cash with a value in excess of $1,000 and any gold or silver coins and bullion, wherever it is located, and from whomever is in possession;

4

B.      Refusing to identify and provide the location and pertinent information if with a third party or held in the name of a third party, or with whom the or the proceeds of the same are being held, of property of the estate not listed in the Debtors' Schedules or claimed as exempt to the Trustee;  and

C.      Taking any action to transfer, liquidate, encumber, or otherwise withhold from the Trustee any property of the estate not listed in the Debtors' Schedules or claimed as exempt to the Trustee.

3.      The Debtors and their agents, assigns, custodians, employees or anyone acting in concert with them who receives personal notice of this Order are hereby ordered to turn over any property of the estate not listed in the Debtors' Schedules or claimed as exempt to the Trustee and/or to immediately disclose its location.

4.      Movants are authorized to retain a locksmith to accompany the Movants and the U. S. Marshal and the locksmith and U. S. Marshals are authorized to break the locks of any and all safes or other possible depository the Debtors refuse to voluntarily open.

5.      Movants are authorized to have a data retrieval professional accompany them to the inspection of the Debtor Residence for the purpose of imaging all data on the Debtors' computers and other electronic devices, including all computers and other electronic devices located in the Debtor Residence and any such imaging shall be retained by the data retrieval service provider until further order of the Court.

6.      The Debtors are ordered to provide all passwords necessary to access such data, including user id's and passwords or any such other information necessary to access the data on the cloud or any similar data storage location to the data retrieval service provider.

5

7.      If the Debtors refuse to provide all such necessary passwords to the data retrieval service provider, the data retrieval service provider is authorized to take possession of all computers and electronic devices located in the Debtor Residence and the Debtors are ordered to surrender all computers and electronic devices located in the Debtor Residence to the data retrieval service provider.

8.      The Debtors are ordered to provide copies of all post-Petition bank statements for all accounts upon which the Debtors, individually or jointly, are authorized signatories and evidence of all post-Petition transactions, payments, income and expenses to the Trustee and creditors on or before November 15, 2015.

9.      Movants are authorized to open the safes, and any other containers, drawers, boxes, bags or other type items to reveal the contents to accomplish the inspections and otherwise search the premises.

10.      The Court schedules a further hearing on the Motion to be held on _____.