UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 6:15-bk-02498-KSJ |
| | Chapter 7 |
| WADE MARTIN ROME and | |
| KATHLEEN MALONEY ROME, | |
| Debtors. | |
| _____/ | |
| | |
| CARLA P. MUSSELMAN, CHAPTER 7 | Adv. Proc. No. |
| TRUSTEE FOR THE ESTATE OF | |
| WADE MARTIN ROME AND | |
| KATHLEEN MALONEY ROME and | |
| ROBERT THOMAS, individually, FREDERICK | **EMERGENCY RELIEF REQUESTED** |
| LAUFER, individually, and BRIAN KAUFMAN, | |
| individually, | |
| | |
| Plaintiffs, | |
| | |
| v. | |
| | |
| WADE MARTIN ROME and | |
| KATHLEEN MALONEY ROME, | |
| | |
| Defendants. | |
| _____/ | |

**PLAINTIFFS' EMERGENCY MOTION
TO APPOINT MARSHAL AND FOR RELATED RELIEF**
**(Emergency Hearing of 30 minutes is Requested to Occur as Soon as Practicably
Possible and Preferably either Friday, October 30th or no later than Monday, November 2,
2015 – if the relief requested is granted Movants need to, and have already been attempting to,
coordinate the schedules of a number of third parties to coordinate the actions requested by
Tuesday, November 3, 2015, if possible)**

Plaintiffs, Carla P. Musselman, Chapter 7 Trustee for the Estate of Wade Martin Rome and

Kathleen Maloney Rome (the "Trustee"), and Robert Thomas, individually, Frederick Laufer,

individually, and Brian Kaufman, individually (collectively, the "Apex Creditors"), all of whom are

collectively referred to herein as the "Movants," hereby file this "Plaintiffs' Motion to Appoint

Marshal and for Related Relief" and move for the entry of an order appointing the U.S. Marshals and

authorizing them to accompany the Trustee during her inspection of 2085 Eastwood Drive, Merritt Island, Florida 32952 (the "Debtor Residence"), and in support thereof alleges:

1.      On October 30, 2015, the Movants filed their complaint (the "Complaint") initiating this adversary proceeding (this "Adversary Proceeding").

2.      The Complaint contained numerous allegations of misconduct by Wade Martin Rome and Kathleen Maloney Rome (together, the "Debtors"), as well as the Debtors' family.

3.      Based upon past experience by the Trustee, there is an anticipation by the Movants that the Debtors may not fully cooperate with the inspection and will take actions to thwart the objectives of this Adversary Proceeding in a manner that is prejudicial.

4.      The Trustee observed during a prior inspection conducted on August 12, 2015 a number of guns and ammunition in the Debtor Residence, as well as pitbull dogs, and does not feel safe conducting the inspection without the presence of U.S. Marshals.

5.      The Movants, by separate motion, have sought a temporary restraining order for the purpose of locating and taking possession of estate property or estate assets that might otherwise be readily removed or hidden by the Debtors (such as cash, gold and silver bullion and coins, etc.).

6.      In conjunction with those requests, the Movants are also seeking to employ a locksmith for purposes of opening any safes that the Debtors refuse to provide access to, as well as a data retention expert who will be prepared to copy and image any electronic data devices owned by the Debtors to preclude and prevent the destruction or corruption of such data that may be integral to identify hidden assets, their location and disposition, and other matters critical to the administration of the estate.

7.      The assets located at the Debtor Residence are property of the estate under Bankruptcy Code § 541, and the Trustee is entitled to take possession of all such estate property without the necessity of an order, such that relief provided herein is consistent with Federal Rule of Bankruptcy Procedure 7065(b).

WHEREFORE the Movants respectfully request that this Court grant this motion, enter the Break Order attached hereto as **Exhibit "A,"** the Instructions for Enforcement of Temporary Restraining Order and to Hold Harmless attached hereto as **Exhibit "B,"** and the Order to Appoint Substitute Custodian attached hereto as **Exhibit "C,"** and grant any such other relief as may be deemed just and appropriate.

Dated:  October 30, 2015.


/s/ Bradley M. Saxton                                    /s/ Cheryl Thompson
Bradley M. Saxton, Esquire                       Cheryl Thompson, Esquire
Florida Bar No. 0855995                            Florida Bar No. 0970931
bsaxton@whww.com                                  cthompson@thompsonlawpractice.com
**Winderweedle, Haines, Ward & Woodman, P.A.**    **Thompson Law Practice, P.A.**
Post Office Bo 1391                                   301 W. Platt Street, Suite 656
Orlando, Florida 32802-1391                     Tampa, Florida 33606
(407) 423-4246                                         (813) 226-8580
(407) 423-7014 (facsimile)                       (813) 226-8580 (facsimile)
Attorneys for Trustee                               Attorneys for Apex Creditors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:                                                      Case No. 6:15-bk-02498-KSJ
                                                            Chapter 7

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,


            Debtors.
_____/

CARLA P. MUSSELMAN, CHAPTER 7                               Adv. Proc. No.
TRUSTEE FOR THE ESTATE OF
WADE MARTIN ROME AND
KATHLEEN MALONEY ROME and
ROBERT THOMAS, individually, FREDERICK
LAUFER, individually, and BRIAN KAUFMAN,
individually,


            Plaintiffs,

v.

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,


            Defendants.
_____/

## ORDER GRANTING EX-PARTE MOTION FOR EXPEDITED BREAK ORDER

THIS PROCEEDING came on for consideration without a hearing on "Plaintiffs' Motion to

Appoint Marshal and for Related Relief" (the "Motion") filed on October 30, 2015 by Carla P.

Musselman, Chapter 7 Trustee of the Estate of Wade Martin Rome and Kathleen Maloney Rome,

**EXHIBIT**

A

Robert Thomas, individually, Frederick Laufer, individually, and Brian Kaufman, individually (collectively, the "Plaintiffs").

According to the Motion and related pleadings, Wade Martin Rome and Kathleen Maloney Rome (together, the "Debtors") have assets located at 2085 Eastwood Drive, Merritt Island, Florida 32952 (the "Debtor Residence") or that may be located at 2713 Nottingham Court, Titusville, Florida (the "Debtor Parents Residence") that are property of the estate under Bankruptcy Code § 541, and Carla P. Musselman (the "Trustee"), as Chapter 7 Trustee for the Debtors' estate, is entitled to take possession of all such estate property without the necessity of an order, such that relief provided herein is consistent with Federal Rule of Bankruptcy Procedure 7065(b).

The Plaintiffs reasonably believe that the Debtors are attempting to dispose of those assets. And without a break order, the Plaintiffs believe that the Debtors will not permit the U.S. Marshals Service to take possession of the assets. The Court has the authority under Bankruptcy Code § 105 and Federal Rules of Civil Procedure 64 and 69 to enter a break order. Based on the record before the Court, the Court finds that good cause exists for entry of a break order. Absent entry of a break order, the Court finds that the Plaintiffs will be irreparably harmed.

Accordingly, it is

**ORDERED:**

1.      The Motion is GRANTED.

2.      The United States Marshals Service is hereby authorized and directed to enter the Debtor Residence, including using whatever force is reasonably necessary, to inspect or confiscate any assets belonging to the Debtors' estate.

3.      The United States Marshals Service is specifically authorized to (i) enter the community where the Debtor Residence is located; (ii) enter any locked room, enclosure, structure, or container (including any safes) located at the Debtor Residence; and (iii) if necessary, employ a

locksmith to gain access to the Debtor Residence or any rooms, enclosures, structure, or containers (including any safes) located on the Debtor Residence.

4.      The United States Marshals Service is also authorized and directed to accompany the Trustee to the Debtor Parent Residence for the purpose of enforcing orders entered by this Court.

5.      The Debtors are hereby directed to cooperate with the United States Marshals Service and any other person necessary to carry out the purpose of this Order (i.e., the removal of property from the Debtor Residence), including granting them access to the Debtor Residence.

6.      Any person or entity who receives actual notice of this Order by personal service or otherwise (including the Defendants and anyone acting in concert with them) is hereby enjoined from communicating such knowledge to any other person until the United States Marshals service has gained entry to the Debtor Residence and secured the personalty located there.

7.      Any person or entity who receives actual notice of this Order by personal service or otherwise (including the Debtors and anyone acting in concert with them) is hereby enjoined from removing or destroying any personalty located on the Debtor Residence until after any inspection of the same by the Trustee is complete.

8.      Any person or entity who received actual notice of this Order by personal service or otherwise (including the Debtors and anyone acting in concert with them) is hereby directed to cooperate with the United States Marshals Service and the Trustee with respect to the provisions of the Temporary Restraining Order, including but not limited to surrendering any property that belongs to the Debtors and/or is being held on behalf of the Debtors, and identifying the location of any such property and facilitating the entry by the Trustee and the United States Marshals Service to secure such property.

9.      This Order shall be deemed entered and effective immediately upon issuance by the Court.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

         Debtors.

_____/

CARLA P. MUSSELMAN, CHAPTER 7
TRUSTEE FOR THE ESTATE OF
WADE MARTIN ROME AND
KATHLEEN MALONEY ROME and
ROBERT THOMAS, individually, FREDERICK
LAUFER, individually, and BRIAN KAUFMAN,
individually,

         Plaintiffs,

v.

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

         Defendants.

_____/

Case No. 6:15-bk-02498-KSJ
Chapter 7

Adv. Proc. No.

## INSTRUCTIONS FOR INJUNCTIVE RELIEF AND TO HOLD HARMLESS

TO THE U.S. MARSHAL, MIDDLE DISTRICT OF FLORIDA

Dear Sir:

    1.     In the matter of the enforcement of a Temporary Restraining Order, issued out of the United States Bankruptcy Court, Middle District of Florida, Orlando Division, in the above-styled action, you are hereby instructed to accompany the Chapter 7 Trustee, Carla Musselman, for purposes of enforcement of a Temporary Restraining Order, including securing property of the estate as described in the Temporary Restraining Order:

### DESCRIPTION OF PROPERTY

**Located at 2085 Eastwood Drive, Merritt Island, Florida 32952.**


EXHIBIT
B

A. Opening of any security safe located within the residence, if not opened voluntarily by the debtors.

B. Any cash, currency, coins, bullion, precious metals, securities, bonds, notes, negotiable instruments, vehicle, and trailer titles, whether in the above-described safe or not.

C. Any computers or other electronic devices.

2.    The names of the parties that are the subject of the Temporary Restraining Order are Wade Martin Rome and Kathleen Maloney Rome.

3.    Current or last known address of Debtors is 2085 Eastwood Drive, Merritt Island, Florida 32952.

4.    Items that are the subject of the Temporary Restraining Order may also be located at 2713 Nottingham Court, Titusville, Florida  32796 or at other unknown addresses.

5.    Defendants' attorney of record: Jeffrey Ainsworth, Esquire, BransonLaw, PLLC, 1501 E. Concord Street, Orlando, Florida 32803.

It is expressly understood that you, as Marshal of the Middle District of Florida, in providing services in connection with the Temporary Restraining Order or when acting upon the above instructions, be held harmless for making a wrongful levy, and further be held harmless against any liability for loss or damage that might be sustained by anyone whosoever by reason of levying upon the above-described property and further, indemnify the U.S. Marshal for any cost, or other expense, including reasonable attorneys' fees, and should the property for any reason not be sold, or if upon sale should not produce sufficient money to pay said costs and fees.

/s/ Bradley M. Saxton
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
**Winderweedle, Haines, Ward & Woodman, P.A.**
Post Office Bo 1391
Orlando, Florida 32802-1391
(407) 423-4246
(407) 423-7014 (facsimile)
Attorneys for Trustee

/s/ Cheryl Thompson
Cheryl Thompson, Esquire
Florida Bar No. 0970931
cthompson@thompsonlawpractice.com
**Thompson Law Practice, P.A.**
301 W. Platt Street, Suite 656
Tampa, Florida 33606
(813) 226-8580
(813) 226-8580 (facsimile)
Attorneys for Apex Creditors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In Re:

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

    Debtors.

_____/

CARLA P. MUSSELMAN, CHAPTER 7
TRUSTEE FOR THE ESTATE OF
WADE MARTIN ROME AND
KATHLEEN MALONEY ROME and
ROBERT THOMAS, individually, FREDERICK
LAUFER, individually, and BRIAN KAUFMAN,
individually,

    Plaintiffs,

v.

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

    Defendants.

_____/

Case No. 6:15-bk-02498-KSJ
Chapter 7

Adv. Proc. No.

### ORDER TO APPOINT SUBSTITUTE CUSTODIAN

THIS PROCEEDING came on for consideration without a hearing on "Plaintiffs' Motion to

Appoint Marshal and for Related Relief" (the "Motion") filed on October 30, 2015 by Carla P.



Musselman the "Trustee"), Chapter 7 Trustee of the Estate of Wade Martin Rome and Kathleen Maloney Rome (together, the "Debtors"), Robert Thomas, individually, Frederick Laufer, individually, and Brian Kaufman, individually (collectively, the "Apex Creditors"), all of whom are collectively referred to herein as the "Plaintiffs." Upon due consideration of the procedural history of this case, the Court will grant the Motion. It is therefore,

**ORDERED** that the Trustee is hereby named as Substitute Custodian and shall be responsible for the removal, transportation, storage, and safekeeping of the Debtors' property until the entry of an order relating to such property or the sale of such property, if authorized by the Court, and it is further

**ORDERED** that the Trustee shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses, and disbursements incurred in defending against such claims or actions arising out of said substitute custody; and it is further

**ORDERED** that the United States Marshal for the Middle District of Florida shall surrender the possession of the Debtors' property to the substitute custodian named herein, and it is further

**ORDERED** that the Trustee be, and is hereby, appointed the custodian of said property to retain the same in her custody for possession and safekeeping for the aforementioned compensation until levy and sale by the United States Marshal; and it is further

**ORDERED** that the United States Marshal's costs be paid prior to release of said property.