**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

WADE MARTIN ROME                              Case No. 6:15-bk-02498-KSJ
KATHLEEN MALONEY ROME                         Chapter 7

Debtors.
_____/

**APEX CREDITORS' OBJECTION TO MOTION TO**
**APPROVE SETTLEMENT PURSUANT TO RULE 9019, FED. R. BANKR. P**

Robert Thomas, individually, and as assignee, beneficiary, or successor to Robert Thomas III, Trustee of the Robert Thomas Revocable Trust dated April 6, 1989, Frederick Laufer, individually, and as assignee, beneficiary or successor to Frederick Laufer, M.D. and Laura Walsh as tenants by the entireties, and Brian Kaufman, individually, and as assignee, beneficiary, or successor to Richard F. Kaufman and Norma V. Kaufman, trustees of Kaufman Revocable Living Trust dated January 30, 1996, creditors and parties in interest in the above-referenced bankruptcy case (collectively, the "Apex Creditors"), by and through their undersigned counsel, pursuant to hereby file this "Apex Creditors' Objection to Motion to Approve Settlement Pursuant to Rule 9019, Fed. R. Bankr. P" (this "Objection"), and in support thereof state as follows:

1.  On March 23, 2015 (the "Petition Date"), Wade Martin Rome and Kathleen Maloney Rome (together, the "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, thereby initiating the above-referenced bankruptcy case (the "Bankruptcy Case").

2.  On March 22, 2017, Carla P. Musselman, Chapter 7 Trustee for the Estate of Wade Martin Rome and Kathleen Maloney Rome (the "Trustee") filed a complaint against Vernon Rome ("V. Rome") and Rikki Rome ("R. Rome"), hereinafter referred to collectively as the "Rome Parents" for two counts of fraudulent transfers of $69,500, based in part on the Debtors' sworn testimony that they had not borrowed any money from the Rome Parents pre-petition (the "Fraudulent Transfer Adversary").

3.  On or about August 1, 2017, the Trustee filed her "Motion to Approve Settlement Pursuant

1

to Rule 9019, Fed. R. Bankr. P." [Doc. No. 179] (the "Compromise Motion"), requesting approval of a settlement reached with the Rome Parents in the Fraudulent Transfer Adversary.

4. In furtherance of the Compromise Motion and the factors required pursuant to *Wallace v. Justice Oaks, II, Ltd.*, 498 U.S. 949 (1990), the Compromise Motion suggests that the compromise is in the best interests of the estate because it provides an immediate payment without any of the uncertainties of litigation and collection[1], and "where [the Rome Parents] has asserted that he does not have funds to satisfy a judgment."[2]

5. The proponent of the compromise bears the burden of showing that the settlement is both reasonable and in the best interests of the estate. *Butler v. Almengual IIn re Almengual)*, 301 B.R. 902 (M.D. Fla. 2003). "The Court must scrutinize the settlement process to ensure the parties negotiated terms are both fair and equitable…."*In re Kay*, 223 B.R. 816 (M.D. Fla.).

6. The Compromise Motion fails to provide sufficient or adequate information to allow the Court or the creditors to determine whether the proposed settlement is fair, reasonable, or adequate. There is a reference to defenses, however, none are detailed in the motion and the Rome Parents have not filed an answer or affirmative defenses to the complaint. There is no discussion beyond the most general of the *Justice Oaks* factors and how they apply to the Fraudulent Transfer Adversary or what investigation, if any, the Trustee has conducted as to the purported defenses or alleged collectability of the Rome Parents.[3] The Compromise Motion does not satisfy the *Justice Oaks* factors and the motion should be denied and the settlement disapproved.

7. The Apex Creditors request a hearing on the Compromise Motion and their Objection

WHEREFORE, the Apex Creditors respectfully request that the Court enter an order denying the

---

[1] This would of course be true in almost every circumstance.
[2] The source and origins of the settlement funds is unclear and it is also unclear whether the Rome Parents have resources other than "funds."
[3] Both Debtors' counsel and Trustee's counsel have confirmed that the settlement was negotiated by Debtors' counsel on behalf of the Rome Parents, parties that Debtors' counsel states he does not represent, and it is unclear to what extent these negotiations and information provided for, about, or on behalf of the Rome Parents were filtered through the Debtors.

Compromise Motion, sustaining this Objection, and/or scheduling the Compromise Motion and this Objection for hearing, and granting such other and further relief as this Court deems just and appropriate.

Dated this 22nd day of August, 2017.

   /s/ Cheryl Thompson
**CHERYL THOMPSON, ESQUIRE**
Florida Bar Number:  0970931
cthompson@thompsonlawpractice.com
Thompson Law Practice, P.A.
301 W. Platt Street, Suite 656
Tampa, Florida 33606
Telephone:  (813) 226-8580
Facsimile:  (813) 226-8580
Attorney for the Apex Creditors

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic means and/or U.S. first class mail on the 21st day of August, 2017, to:

Jeffrey Ainsworth, Esquire
Branson Law, PLLC
1501 E. Concord Street
Orlando, Florida 32803
jeff@bransonlaw.com

Bradley M. Saxton, Esquire
Winderweedle Haines Ward & Woodman, P.A.
329 Park Avenue North
Winter Park, Florida 32790
bsaxton@whww.com

Scott Bomkamp, Esquire
Office of the United States Trustee
George C. Young Federal Courthouse
400 West Washingston St., Ste. 1100
Orlando, Florida  32801
scott.e.bomkamp@usjoj.gov

   /s/ Cheryl Thompson
   **ATTORNEY**